CAMERON COUNTY WATER IMPROVE-
MENT DIST. NO. 1 v. ASHTON et al.*
No. 7830.

Circuit Court of Appeals, Fifth Circuit.
March 3, 1936.

W. B. Lewis, of Harlingen, Tex., and Vincent M. Miles, of Fort Smith, Ark., for appellant.

Palmer Hutcheson and W. P. Hamblen, both of Houston, Tex., and Joyce Cox, of Galveston, Tex., for appellees.

Before FOSTER and SIBLEY, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing on the ground of want of jurisdiction a proceeding brought by Cameron County Water Improvement District No. 1, an irrigation district of Texas, to have approved and made effective a plan of readjustment of its bonded indebtedness, under

*Certiorari granted 56 S. Ct. 683, 80 L. Ed. —.

the provisions of the Act of May 24, 1934, c. 345 (48 Stat. 798)..

The act is amendatory and supplemental to the National Bankruptcy Act of 1898, adding chapter 9, §§ 78, 79 and 80, to the act (11 U.S.C.A. §§ 301–303). It is somewhat lengthy and in considerable detail as to the plan of readjustment to be proposed and the action of the court thereon, but its salient provisions may be somewhat briefly stated, as follows:

Section 79 (11 U.S.C.A. § 302) limits the life of the act to two years after passage and vests jurisdiction in courts of bankruptcy over proceedings for the relief of political corporations, as provided in the act, in addition to their original jurisdiction in bankruptcy. Section 80 (11 U.S.C.A. § 303) provides that any municipality or other political subdivision of any state, including irrigation districts among others named, may file a petition stating that the taxing district is insolvent or unable to meet its debts as they mature and that it desires to effect a plan of readjustment of its debts. Jurisdiction is given to the court in whose territorial jurisdiction the taxing district or a major part thereof is located. The section further provides that the petition shall state that a plan of readjustment has been prepared, is filed and submitted with the petition, and that creditors to be affected, not less than 30 per cent. in the case of an irrigation district, have accepted it in writing; the written acceptances, with a list of all known creditors of the taxing district with their addresses, so far as known, and a description of their respective claims to be filed with the petition. Upon the filing of such petition the judge shall enter an order approving it as properly filed under the chapter, if satisfied that such petition complies with the chapter and has been filed in good faith, but dismissing it if not so satisfied. In the case of an irrigation district the plan of readjustment shall not be confirmed until it has been accepted in writing by 66⅔ per cent. of the creditors affected. If the filing of the petition is approved, the judge may require the taxing district to give such notice as the order may direct to the creditors and cause publication to be made at least once a week for three successive weeks of a hearing to be had within 90 days after the approval of the petition, for the purpose of considering the plan of readjustment and any changes or modification thereof that may be proposed. If creditors holding 5 per cent. in amount of the debts sought to be readjusted shall, within 90 days after the first publication of the notice, appear and controvert the facts alleged in the petition, the judge shall decide the issues presented and, unless the material allegations of the petition are sustained, shall dismiss the petition. The act (section 80 (k), 11 U.S. C.A. § 303 (k) contains this important provision: "Section 80. (k) Nothing contained in this chapter shall be construed to limit or impair the power of any State to control, by legislation or otherwise, any political subdivision thereof in the exercise of its political or governmental powers, including expenditures therefor, and including the power to require the approval by any governmental agency of the State of the filing of any petition hereunder and of any plan of readjustment, and whenever there shall exist or shall hereafter be created under the law of any State any agency of such State authorized to exercise supervision or control over the fiscal affairs of all or any political subdivisions thereof, and whenever such agency has assumed such supervision or control over any political subdivision, then no petition of such political subdivision may be received hereunder unless accompanied by the written approval of such agency, and no plan of readjustment shall be put into temporary effect or finally confirmed without the written approval of such agency of such plans."

The suit was filed on July 17, 1934, after the passage of the act, but the original petition is not in the record. An amended petition was filed August 22, 1934. It substantially alleges that petitioner is an irrigation district having approximately 240,000 acres of land within its boundaries, wholly located in Cameron county, Tex., and has been in operation for something like 20 years, aiding and encouraging agriculture and supplying water to farmers to irrigate their lands and produce their fruit and vegetables; that about 2½ years prior thereto the country entered into a general financial depression, causing great reduction in the price which the farmers received for their fruit and vegetables, the prices being so low they did not pay the cost of production, thereby making it impossible for the farmers of said district to pay their flat rates and bond tax; that petitioner is insolvent and unable to meet its debts as they mature and desires to effect a plan of readjustment of its debts as provided by section 80; that petitioner has outstanding approximately $800,000 of bonds, bearing 6 per cent. interest and ma-

turing serially, which are annual obligations against the district; that petitioner realizing its inability to meet its debts began to work out some kind of a plan to adjust them that would be fair and equitable to both the district and the bondholders and applied to the Reconstruction Finance Corporation for a loan to liquidate said indebtedness; that on January 13, 1934, the Reconstruction Finance Corporation authorized a loan to the district of $400,000, for the purpose of refunding these bonds at 49.8 cents on the dollar, which would enable petitioner to reduce its bond taxes at least two-thirds and would make the district financially sound; that the plan had been accepted in writing by the holders of more than 30 per cent. of the bonds; that petitioner will be able to secure the approval of more than 66⅔ per cent. of all the bonds at a hearing, as provided for in section 80 (d) of the act (11 U.S.C.A. § 303 (d). The petition contained a copy of an order of the Reconstruction Finance Corporation authorizing the appropriation of the funds to be loaned and the conditions to be complied with as to the deposit and surrender of the bonds, a copy of the resolutions of the board of directors of petitioner accepting the loan for the purpose intended, a list of persons holding more than 30 per cent. of the outstanding bonds who had accepted the plan, with their addresses, and a copy of a letter to the bondholders submitting the plan.

On August 22, 1934, the court entered an order approving the petition as filed in compliance with the provisions of the act in good faith and directing petitioner to give notice as required by law to the bondholders, to publish a notice in the Bond Buyer of New York, for three successive weeks, and directing that a hearing be had on the petition at Houston, Tex., the 1st day of December, 1934.

On October 1, 1934, a number of bondholders, appellants herein, holding more than 5 per cent. of the total issue of bonds, filed a contest to the petition and a motion to dismiss and prayed for leave to intervene, which was granted. So far as is necessary to state, the opposition to the petition alleged that the court was without jurisdiction because the proceeding was not in bankruptcy and Congress was without authority to adopt the act; that the proceeding would operate to deprive the contestants of their property without due process of law in violation of the Fifth Amendment; that the petition was ineffective because the Legislature of Texas had passed no act prior to its filing which would authorize petitioner to accept the benefit of the act of Congress. The petition of opposition also denied that petitioner was insolvent, on the ground that taxes levied to retire the bonds would be amply sufficient for that purpose were they collected, admitted that economic conditions have rendered the payment of taxes and debts by the farmers of the district difficult, but denied that such payment in the future will be impossible.

The record does not disclose the date upon which a hearing was had or the scope of such hearing, but from an opinion by the court, filed December 1, 1934, it would appear that a hearing was had only on the pleadings. The District Judge rendered a comprehensive opinion stating his views, learnedly discussed the history of bankruptcy, and held that as petitioner was an agency of the state, through which the state exercised its governmental functions of levying and collecting taxes to pay the bonds, the bonds were therefore obligations of the state of Texas and Congress was without power to enact the statute and confer upon the federal courts of bankruptcy jurisdiction to readjust an obligation of the district as provided in the act. He also found that as the petition did not state what, if any, effort had been made to collect the taxes or enforce the payment thereof and the lien securing them, except the allegation that during a period of time the farmers had been unable to sell their products for an amount sufficient to pay their taxes, there could be no proof other than as to this, which would not be sufficient to show insolvency. He concluded that the petition did not present a case authorizing the court to strike down more than 50 per cent. of the face value of the bonds held by contestants and require them to receive in full settlement thereof approximately 49.8 per cent. of their face value. He did not pass upon the objection of interveners that the state of Texas had not consented to the proceeding. After the rendition of the opinion but before the judgment was entered, appellant sought to amend the petition. It also applied for a new trial in vain.

We need not attempt to review the history and development of the Bankruptcy Law. The Act of May 24, 1934, is substantially similar in letter and intent to the

Act of March 3, 1933 (47 Stat. 1467), which added chapter 8, containing section 77, to the National Bankruptcy Act (see 11 U.S.C.A. § 205). The 1934 act extends the benefit of the law to political corporations, making available relief similar to that granted to other corporations by the act of 1933. In Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, the Supreme Court construed section 77 and held it to be valid.

■ Of course, a sovereign state may not be sued by an individual without her consent. But Congress may extend the jurisdiction of the inferior courts of the United States over the states of the Union where the state is seeking relief and a federal question is presented for decision. Ames v. Kansas, 111 U.S. 449, 4 S.Ct. 437, 28 L.Ed. 482. The immunity of a state does not extend to a political corporation of the state and a suit to enforce the obligations of such corporations may be maintained in a federal court without the consent of the state. Mercer County v. Cowles, 7 Wall. 118, 19 L.Ed. 86; Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766; Loeb v. Columbia Township, 179 U.S. 472, 21 S.Ct. 174, 45 L.Ed. 280.

■ It is apparent that the Act of May 24, 1934, was not intended to interfere with the sovereign rights of any state. Full control over the liquidation of the indebtedness of any political subdivision is reserved to the state under the provisions of section 80 (k) above quoted. If the state chooses to exercise her sovereign authority, she has the right to do so and the act is without effect. We have no hesitancy in holding that the Act of May 24, 1934, is a law on the subject of bankruptcies within the power of Congress to enact and valid.

■ We do not consider that consent of the state in advance is necessary to enable a political corporation to take advantage of the beneficial provisions of the law. Manifestly, that interpretation would rob the statute of practical efficiency in many states as there would not be time for the Legislature to act before the law would expire by limitation. There is no existing state agency in Texas authorized to exercise supervision or control over the fiscal affairs of political subdivisions of the state. Since this case was decided by the District Court, the Legislature of Texas has adopted an act authorizing all political subdivisions of the state to proceed under all bankruptcy laws enacted by Congress which laws have for their object the relief of municipal indebtedness, including the Act of Congress of May 24, 1934. Article 1024a, Vernon's Ann.Civ.St.Tex. We conclude that the District Court has jurisdiction over this proceeding.

■ The act is remedial and to be liberally construed. The petition tracks the statute. In considering the sufficiency of the petition the General Orders in Bankruptcy (11 U.S.C.A. following section 53) and the Federal Rules in Equity (28 U.S.C.A. following section 723) must be looked to, rather than the rules of pleading and practice in the state courts of Texas. One filing a voluntary petition in bankruptcy is not required to do more than state the jurisdictional facts, that he owes debts, that he is unable to pay in full, that he is willing to surrender all his property for the benefit of his creditors, except such as is exempt by law, and that he desires to obtain the benefit of the acts of Congress relating to bankruptcy. Bankruptcy Form No. 1 (11 U.S.C.A. following section 53). His financial condition is shown in detail by the schedules annexed. Under the provisions of Equity Rule 25 (28 U.S.C.A. following section 723), in addition to the jurisdictional averments, a bill of complaint is required to contain only a short and simple statement of the ultimate facts upon which plaintiff asks relief, omitting any mere statement of evidence. The Act of May 24, 1934, provides that the judge, after hearing, may direct the taxing district to file such schedules and submit such other information as may be necessary to disclose the conduct of the affairs of the taxing district and the fairness of any proposed plan. The act clearly contemplates that the District Judge, in the exercise of sound discretion, should not only allow but may direct necessary amendments to the petition in order to permit the granting of the relief provided by the act. Technical rulings on pleadings have no application in administering the act. Unquestionably the petition contains the necessary allegations to show jurisdiction in the District Court for the Southern District of Texas, and the allegations of insolvency and inability of the district to pay its debts as they mature were sufficient to warrant the introduction of evidence to prove these allega-

tions. If the court considered it necessary that the petition be amplified, it was his duty to permit or order an amendment.

Other objections urged by interveners are without merit and do not require discussion.

It follows that the judgment dismissing the petition was erroneous. The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.