**CITY OF LONG BEACH et al. v. METCALF.**

**In re F. P. NEWPORT CORPORATION, Limited.**

**No. 8966.**

Circuit Court of Appeals, Ninth Circuit.

April 14, 1939.

484

Geo. W. Trammell, Jr., City Atty., Harlan V. Boyer, Asst. City Atty., Henry D. Lawrence and John T. McCarthy, Deputy City Attys., and Swaffield & Swaffield and Kenneth Sperry, all of Long Beach, Cal., for appellants.

Bailie, Turner & Lake, Richard A. Turner, Norman A. Bailie, and Allen T. Lynch, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order affirming an order of a referee in bankruptcy in a summary proceeding by appellee, H. F. Metcalf, as trustee in bankruptcy of F. P. Newport Corporation, Limited, against appellants—the City of Long Beach and the members of its Board of Harbor Commissioners[1]—and the State of California and two of its officers.[2] The question is whether the bankruptcy court—the District Court of the United States for the Southern District of California—had jurisdiction of the proceeding.

An involuntary petition in bankruptcy was filed against the above named corporation on March 19, 1935. Pending disposition thereof, appellee was appointed receiver and functioned as such until January 12, 1937, when the corporation was adjudged a bankrupt. There was the usual order of reference. Appellee was appointed trustee on March 18, 1937. In re F. P. Newport Corp., 9 Cir., 93 F.2d 630, 631, 633; Id., 9 Cir., 98 F.2d 453, 455.

On February 3, 1938, appellee commenced this proceeding by filing in the bankruptcy court a petition alleging that, at the date of the filing of the petition in bankruptcy, the bankrupt was the owner and in possession of certain real property; that thereafter, until his appointment as trustee, appellee, as receiver in bankruptcy, was in possession of said property; that since his appointment as trustee, he has continued in, and still has, such possession; that appellee is informed and believes that each of the respondents—appellants and

---

[1] Glen L. Clark, Paul C. Hofmann, John F. Craig, Frederic A. Millerd and I. M. Stevens.

[2] Arlin E. Stockburger, Director of the State's Department of Finance, and Carl B. Sturtzenacker, Director of the Department's Division of State Lands.

the State and its officers—"claims an estate, right, title or interest or estates, rights, titles or interests in or to said real property or some part thereof, adverse to [appellee], but that each of said claims is and all of them are without any right whatever, and that said adverse claimants have not and none of them has any estate, right, title or interest in or to said real property or any part thereof."

The petition prayed that respondents be ordered to appear before the bankruptcy court, at a time and place to be designated, then and there to show cause, if any they had, why an order should not be made and entered in this proceeding, "adjudicating and determining that they do not nor does any one or more of them have any estate, right, title or interest in or to said real property or any part thereof, and adjudicating and determining that the petitioner [appellee], as trustee in bankruptcy of the above entitled bankrupt estate, is the owner of said real property and the whole thereof free and clear of any claim or claims asserted by [respondents] or any one or more of them, except any claim to any lien which may exist for any unpaid taxes or assessments, and for such other and further affirmative equitable relief as may be proper in the premises."

An order to show cause, as prayed in the petition, was issued by the referee on February 10, 1938. It designated March 9, 1938, as the date on which respondents should appear. The matter came on for hearing at that time, but was, by the referee, continued to March 28, 1938. On March 14, 1938, the State and its officers filed their special appearance and objection to the bankruptcy court's jurisdiction and, therewith, a motion to dismiss the petition for want of jurisdiction. Appellants filed a similar appearance, objection and motion on March 26, 1938.[3]

On March 28, 1938, the matter came on again for hearing and was argued by counsel. No evidence was taken. At the conclusion of the argument, the referee announced that the objections to the bankruptcy court's jurisdiction would be overruled, and that the motions to dismiss the petition would be denied. On March 30, 1938, he entered an order overruling the objections, denying the motions, directing respondents to answer, and continuing the hearing to May 2, 1938. The order provided, however, that the overruling of the objections and the denial of the motions "are without prejudice to the rights of said respondents and each of them to renew such objections and motions at the conclusion of the presentation of such evidence as may be offered and received herein on the merits of said matter."

A petition for review was filed by the State and its officers on April 7, 1938. A similar petition was filed by appellants on April 8, 1938. On April 14, 1938, appellants applied for and obtained an order restraining further proceedings before the referee pending such review.[4] On August 4, 1938, the judge entered his order, affirming the referee's order of March 30, 1938, and re-referring to the referee "All litigated issues upon the referee's order to show cause * * * with directions to proceed thereunder summarily as to all respondents, after granting to all interested respondents reasonable time in which to make and file answers on the merits of the cause without prejudice to any respondent to hereafter assert any available rights as reserved in said referee's order of March 30, 1938." This appeal followed.

■■■ The State and its officers have not appealed. Therefore, we need not consider appellants' contention that the State could not be sued or proceeded against by appellee without its consent. Whether it could or not is no concern of appellants. Appellants are not the State. One of them—the City of Long Beach—is a municipal corporation and, territorially, a part of the State, but the State's constitutional immunity from suit does not extend to such corporations. Lincoln County v. Luning, 133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766; Hopkins v. Clemson Agricultural College, 221 U.S. 636, 645, 31 S.Ct. 654, 55 L.Ed. 890, 35 L.R.A.,N.S., 243.

■ The fact, if it be a fact, that appellants are grantees of the State is immaterial. In a court of competent jurisdiction, title to the property could be determined, as between appellants and appellee, without any grantor of appellants being

---

3 The referee's order of March 30, 1938, and the petitions to review it state, erroneously, that the special appearances, objections and motions were filed on March 9, 1938. Their actual filing dates were, as stated above, March 14, 1938, and March 26, 1938.

4 The application for this order is labeled "petition for writ of prohibition."

joined as a party. The question is whether. for the purpose of making such determination, the bankruptcy court was or was not a court of competent jurisdiction.

Prior to the Chandler Act,[5] § 2 of the Bankruptcy Act[6] provided: "The courts of bankruptcy * * * are invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to * * * (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided. * * *"

The controversy between appellants and appellee is a controversy in relation to property which, if appellee's petition is true, is part of the estate of the above named bankrupt. Therefore, the controversy was within the bankruptcy court's jurisdiction unless excluded therefrom by the exception in § 2(7)—the phrase "except as herein otherwise provided." The provisions there referred to were those of § 23 of the Bankruptcy Act. Bardes v. Hawarden First Nat. Bank, 178 U.S. 524, 535, 20 S.Ct. 1000, 44 L.Ed. 1175; Bryan v. Bernheimer, 181 U.S. 188, 194, 21 S.Ct. 557 45 L.Ed. 814; First National Bank v. Chicago Title & Trust Co., 198 U.S. 280, 289, 25 S.Ct. 693, 49 L.Ed. 1051; Whitney v. Wenman, 198 U.S. 539, 550, 25 S.Ct. 778, 49 L.Ed. 1157. Prior to the Chandler Act, § 23 of the Bankruptcy Act[7] provided:

"(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the trustee shall only be brought or prosecuted only in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60 [96], subdivision b * * *; section 67 [107], subdivision e * * *; and section 70![110], subdivision e."

It is conceded by appellee that, if bankruptcy proceedings had not been instituted, the District Court would have had no jurisdiction of this controversy; that appellants have not consented to be sued or proceeded against in that court; and that this proceeding is not a suit or proceeding under § 60, § 67 or §. 70 of the Bankruptcy Act.[8] Appellants therefore contend that, by § 23, this controversy was excluded from the bankruptcy court's jurisdiction— the bankruptcy court being, of course, the District Court.

Whether the bankruptcy court had jurisdiction of this proceeding must be determined by a consideration of the allegations of appellee's petition. Flanders v. Coleman, 250 U.S. 223, 227, 39 S.Ct. 472, 63 L.Ed. 948. Appellee's petition alleges that at the date of the filing of the petition in bankruptcy, the property in question was owned by, and was in possession of, the bankrupt. If so, the filing of the petition in bankruptcy brought the property into the custody of the bankruptcy

---

[5] Act of June 22, 1938, c. 575, 52 Stat. 840–940, 11 U.S.C.A. § 1 et seq., effective September 22, 1938. All proceedings below were prior to the effective date of this Act.

[6] 30 Stat. 545, 44 Stat. 662, 11 U.S. C.A. § 11. In the Chandler Act (52 Stat. 842, 843); the above quoted provisions of § 2 were reenacted without material change.

[7] 44 Stat. 664, 11 U.S.C.A. § 46. As amended by the Chandler Act (52 Stat. 854), § 23 provides:

"a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act [title], between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act [title] had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67, and 70 [96, 107, and 110] of this Act [title]."

[8] 36 Stat. 842, 32 Stat. 800, 30 Stat. 565, 11 U.S.C.A. §§ 96, 107, 110.

court (Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 307, 32 S.Ct. 96, 56 L.Ed. 208; Hebert v. Crawford, 228 U.S. 204, 208, 33 S.Ct. 484, 57 L.Ed. 800; Lazarus v. Prentice, 234 U.S. 263, 266, 34 S.Ct. 851, 58 L.Ed. 1305; Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 649, 36 S.Ct. 466, 60 L.Ed. 841; Ex parte Baldwin, 291 U.S. 610, 615, 54 S.Ct. 551, 78 L.Ed. 1020), and, upon adjudication, title to the property, with actual or constructive possession, vested in appellee—the bankruptcy court's trustee—as of the date of the filing of the petition in bankruptcy. Mueller v. Nugent, 184 U.S. 1, 14, 22 S.Ct. 269, 46 L.Ed. 405; Fairbanks Steam Shovel Co. v. Wills, supra; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645.

Thereafter, notwithstanding § 23, supra, the bankruptcy court, having possession of the property, had jurisdiction to hear and determine all questions respecting title thereto. Murphy v. John Hofman Co., 211 U.S. 562, 568, 29 S.Ct. 154, 53 L.Ed. 327; Hebert v. Crawford, supra; Board of Trade v. Johnson, 264 U.S. 1, 11, 44 S.Ct. 232, 68 L.Ed. 533; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 432, 44 S.Ct. 396, 68 L.Ed. 770; Isaacs v. Hobbs Tie & Timber Co., supra; Ex parte Baldwin, supra. Whether such possession was actual or constructive is immaterial. Constructive possession was sufficient. Taubel-Scott-Kitzmiller Co. v. Fox, supra. We hold, therefore, that the bankruptcy court had jurisdiction of this proceeding.

This holding is based on the allegations of the petition, which may or may not be true. Appellants have not as yet answered the petition. They have neither admitted nor denied its allegations. They have not, as contended by appellee, admitted that the bankrupt was in possession of the property at the date of the filing of the petition in bankruptcy. The contention that appellants made such an admission is based on a statement said to have been made by their attorney in a colloquy between the attorney and the referee on March 9, 1938—seventeen days before appellants appeared in this proceeding.[9] The statement could not and did not bind appellants.

By the order appealed from, the referee is directed to grant appellants a reasonable time in which to answer appellee's petition. Appellants may, in their answer, deny any or all of appellee's allegations, including the jurisdictional allegation that the bankrupt was in possession of the property at the date of the filing of the petition in bankruptcy. Such denial, if made, will place on appellee the burden of proving the challenged allegations.

If the jurisdictional allegation is proved by appellee or (hereafter) admitted by appellants, the referee should, and we assume that he will, then proceed to hear and determine the other issues raised by the petition and answer. If the jurisdictional allegation is not proved or admitted, the referee should, without considering any other issue, dismiss the proceeding. If the jurisdictional allegation be established with respect to a part only of the property in question, the referee's determination of the other issues should be limited to that part of the property, and the proceeding should, as to the remaining property, be dismissed.

Order affirmed.