## In re SAYBART PRODUCTIONS, Inc. GLOBE PRINTING CO. OF TORONTO, CANADA, v. CHATZ.

### No. 9696.

United States Court of Appeals
Seventh Circuit.

June 17, 1949.

Alvin H. Culver, David H. Kraft, Chicago, Ill., for appellant.

Jacob G. Hamer, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and MINTON, Circuit Judges.

MAJOR, Chief Judge.

Saybart Productions, Inc., upon its voluntary petition was adjudicated a bankrupt November 19, 1947, and on December 16, 1947, the appellee Chatz was appointed Trustee. The corporation was organized to pursue the publication of the comic magazine known as "The Adventures of Homer Cobb," originated and produced by Samuel Bart Singer, its author. It published one issue, the September, 1947 edition. The printing was done by appellant, Globe Printing Company of Toronto, Canada. For this printing the bankrupt owed appellant at the date of bankruptcy the sum of $16,000. On December 18, 1946, the American News Company, Inc., of Stamford, Connecticut, entered into a contract with Singer for the distribution of the publication. As of December 30, 1947, American News owed approximately $25,000 on said contract, subject to certain deductions to which it was entitled under the contract. The amount which American News owes upon its contract entered into with Singer supplies the piece de resistance of this litigation. Globe asserts a lien on the amount owing to secure its printing claim against the bankrupt, while the Trustee seeks to restrain Globe from interfering with the payment by American News of such amount to the Trustee.

The record presents an unusual situation. The Referee's order was entered on a denial of Globe's motion to dismiss the Trustee's petition, which was entitled "Petition to Release." The relief sought by the Trustee was that Globe be directed "to execute a release unto the American News Company, Inc., to permit said American News Company, Inc., to turn over to your petitioner such sums of money that

may be due and owing to the bankrupt herein." The order does not follow the prayer of the petition but enjoins Globe "from further interfering with the payment of moneys by the American News Company, Inc., to the Trustee," and directs "that the lien of the Globe Printing Company, if any, against the fund in the possession of the American News Company, Inc., when turned over to the Trustee herein, shall attach to the proceeds thereof." American News, a resident of the State of Connecticut, was not made a party to the proceeding.

■ No oral testimony was heard and the controverted order was entered solely upon Globe's motion to dismiss the Trustee's petition, which alleged among other things that the petition failed to state a claim upon which relief could be allowed. We start with the proposition, therefore, that the burden was upon the Trustee to allege facts which, if proven, would entitle him to the relief sought. First National Bank of Negaunee v. Fox, 6 Cir., 111 F. 2d 810, 813; City of Long Beach v. Metcalf, 9 Cir., 103 F.2d 483, 486; In Re Brockton Ideal Shoe Co., 2 Cir., 202 F. 199, 200.

■ In the view we take of the situation, the matter before us may be disposed of in short order. We think it patent that the Trustee acquired only such interest in the claim against American News as that possessed by the bankrupt at the time of adjudication. It is also apparent that there was no contract privity between American News and the bankrupt and if the latter was the owner of the claim it must have been by assignment from Singer. There is no allegation, however, in the Trustee's petition as to the manner or means by which the bankrupt became the owner or beneficiary of the claim against American News on a contract which it made with Singer. The nearest approach to such an allegation is "That the assignor of the bankrupt corporation entered into a contract with the American News Company, Inc., for the distribution of said publication." Can it be assumed from this allegation that the "assignor" referred to was Singer and that he had legally assigned

his claim to the bankrupt prior to adjudication? We think this question must be answered in the negative. Neither do we think this element essential to the Trustee's right to proceed may be inferred from his allegation. The more reasonable inference from the Trustee's failure to allege a legal assignment is that no such assignment was in existence. Neither is the Trustee's position aided by the further allegation "That there is due and owing * * * under said contract, the sum of approximately Twenty-four T h o u s a n d Dollars * * *," and that the Trustee "has made a demand upon the American News Company, Inc., to turn over such sums of money that were due and owing the bankrupt herein." The fact that the Trustee made a demand upon American News for the payment of an amount due upon its contract with Singer falls far short of an allegation that the bankrupt was the owner of the claim which passed to the Trustee.

The Trustee's petition being legally insufficient, the order appealed from must be and is reversed, without prejudice to the right of the Trustee to amend his petition.