### AMERICAN HOSPITAL SUPPLY CORP.

v.

### YORK COUNTY INSTITUTION DIST.

**Civ. No. 4744.**

United States District Court, M. D. Pennsylvania.

July 28, 1954.

McClean Stock, York, Pa., for plaintiff.

John F. Rauhauser, Jr., York, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff alleges that it is an Illinois corporation duly qualified to do business in the Commonwealth of Pennsylvania; that "Defendant, York County Institution District, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, being co-terminus with the County of York, Pennsylvania, its executive board having its offices at the Court House, York, Pennsylvania;" that plaintiff entered into a written agreement to supply to the defendant certain furnishings and equipment (a copy of the contract being attached to the complaint); that plaintiff submitted a statement for the amount due and owing (a copy thereof being attached to the complaint); and that the "architect" supplied to defendant a final certificate, as required by the contract.

Defendant, as its first defense, contends that the action is essentially against the Commonwealth of Pennsylvania and therefore within the prohibition of the Eleventh Amendment to the Constitution of the United States. Plaintiff, on the other hand, on the basis of the pleadings, supplemented by affidavits and stipulation, has filed a motion for summary judgment.

The county institution districts were created by an Act of the Legislature of Pennsylvania which provided, inter alia, that

(1) "Each county, as herein defined, is hereby created a district to be known as '...... County Institution District,' which district shall be a body corporate * * *." 62 P.S. § 2251.

(2) "The commissioners of each county shall be the executive and administrative officers of the institution district of that county, and the county treasurer shall be its treasurer. * * *" 62 P.S. § 2252.

(3) "For the purposes of the institution district and for the payment of the obligations of the predecessor poor district, the commissioners of each county shall have the power to levy and collect on real estate, trades, occupations and professions, in the same manner and at the same time as county taxes, an annual tax, to pay the current expense of the institution district, not exceeding ten mills on the dollar of the last adjusted assessed valuation for county purposes. * * *" 62 P.S. § 2257.

As pointed out in Pennsylvania Turnpike Commission v. Welsh, 3 Cir., 188 F.2d 447, 450, "the issue is whether the state is the real party in interest against whom relief is sought. * * * Whether a state is the real party in interest will turn on factors widely variant from case to case."

Defendant concedes that "it is well established that independent self-governing municipal entities such as counties are considered as citizens for the purpose of diversity, Lincoln County v. Luning, 1890, 133 U.S. 529 [10 S.Ct.

363, 33 L.Ed. 766]; Pearl River County [Miss.] v. Wyatt Lumber Co. [5 Cir., 1921], 270 F. [26], 27; Board of Commissioners of Jackson County, Kansas v. U. S. [10 Cir.], 100 F.2d 929, as are cities, City of Long Beach v. Metcalf [9 Cir.], 1939, 103 F.2d 483; and as are state supported public corporations, Hopkins v. Clemson Agricultural College, 1910, 221 U.S. 636 [31 S.Ct. 654, 55 L.Ed. 890]." However, it seeks to differentiate county institution districts in that "The commissioners, as the 'local authorities', were charged with specific duties to be performed 'according to rules, regulations, and standards established by the State Department of Welfare,' * * *. While the local authorities are given the power to make rules and regulations deemed proper, convenient and necessary for the local institution districts, such rules and regulations cannot be inconsistent with the act creating the districts nor with the rules and regulations of the State Department of Welfare.", and that furthermore the Supreme Court of Pennsylvania has held that "a county institution district is a state agency performing a governmental function", citing Heilig Bros. Co., Inc. v. Kohler, 1950, 366 Pa. 72, 77, 76 A.2d 613, 616; Davis v. Carbon County, 369 Pa. 322, 330, 85 A.2d 862.

█ Even if defendant's interpretation of the statements by the Supreme Court of Pennsylvania were correct, it would not be decisive of the question. The doctrine is aptly stated by Judge Sanborn in State Highway Commission in Arkansas v. Kansas City Bridge Co., 8 Cir., 81 F.2d 689, 690, as follows:

"* * * It is scarcely conceivable, however, that federal jurisdiction in a case such as that before us, which jurisdiction is governed by the Constitution and laws of the United States (Smith v. Reeves, supra, 178 U.S. 436, 441, 20 S.Ct. 919, 44 L.Ed. 1140; Collin County Nat. Bank of McKinney, Tex. v. Hughes, 8 Cir., 152 F. 414, 415; Barber Asphalt Pav. Co. v. Morris, 8 Cir., 132 F. 945, 949, 67 L.R.A. 761), could be controlled by the varying views of the Supreme Court of Arkansas, so that on one day the federal court would have jurisdiction because under the state law the commission was regarded as an entity separate from the state, and the next day would be without jurisdiction because in the meantime the state Supreme Court had held that the commission was the state and could not be sued. No doubt, the federal courts, in determining the character and status of state agencies, will be influenced by state decisions, but the question of whether a suit is one between citizens of different states is ultimately a question as to which the federal courts must express an independent judgment. * * *"1

Nor would a state statute have such effect. In Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 364, 33 L.Ed. 766, the Supreme Court stated:

"* * * 'But it was argued that counties in Illinois, by the law of their organization, were exempted from suit elsewhere than in the circuit courts of the county. And this seems to be the construction given to the statutes concerning counties by the supreme court of Illinois. * * * The power to contract with citizens of other states implies liability to suit by citizens of other states, and no statute limitation of suability can defeat a jurisdiction given by the constitution.'"

The converse situation is, of course, where the State has held that an agency is not such a State instrumentality as

---

1. See also State of Missouri v. Homesteaders Life Ass'n, 8 Cir., 90 F.2d 543, 548; Missouri, Kansas and Texas Railway Co. v. Missouri Railroad and Warehouse Commissioners, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78; Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876.

would be entitled to immunity from suit under the Eleventh Amendment.[2] Such a decision is in effect a waiver by the State of its immunity from suit under the Eleventh Amendment. In an analogous situation concerning the effect of a lien created by a State law, the Supreme Court in United States v. Security Trust & Savings Bank, 1950, 340 U.S. 47, 71 S.Ct. 111, 113, 95 L.Ed. 53, said:

"The effect of a lien in relation to a provision of federal law for the collection of debts owing the United States is always a federal question. Hence, although a state court's classification of a lien as specific and perfected is entitled to weight, it is subject to reexamination by this Court. On the other hand, if the state court itself describes the lien as inchoate, this classification is 'practically conclusive.' People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 371, 67 S.Ct. 340, 345, 91 L.Ed. 348."

However, to say that the defendant is a State agency performing governmental function or that it is a State instrumentality is not the equivalent of saying that it is entitled to the immunity of the Eleventh Amendment. In Hopkins v. Clemson Agricultural College of South Carolina, 221 U.S. 636, 645, 31 S.Ct. 654, 657, 55 L.Ed. 890, the Supreme Court in discussing some of the cases cited during the argument, said:

" * * * And it is argued that these authorities have no application to suits against those public corporations which exist, and can act, in no other capacity than as governmental agencies, or political subdivisions of the state itself. But neither public corporations nor political subdivisions are clothed with that immunity from suit which belongs to the state alone by virtue of its sovereignty. In Lincoln County v. Luning, 133 U.S. 529 [530], 10 S.Ct. 363, 33 L.Ed. 766, the court

said that 'while a county is territorially a part of the state, yet politically it is also a corporation, created by and with such powers as are given to it by the state. In this respect it is a part of the state only in that remote sense in which any city, town, or other municipal corporation may be said to be a part.' The court there held that the eleventh amendment was limited to those cases in which the state is the real party, or party on the record, but that counties were corporations which might be sued.

*    *    *    *    *    *

"Undoubtedly counties, cities, townships, and similar bodies politic often have a defense which relieves them from responsibility where a private corporation would be liable. But they must at least make that defense. They cannot rely on freedom from accountability as could a state."

In Scibilia v. City of Philadelphia, 279 Pa. 549, 124 A. 273, 276, 32 A.L.R. 981. The Supreme Court of Pennsylvania had before it such an affirmative defense to tort liability in connection with the collection of ashes by the City. It said:

"The care of public health is undoubtedly a subject-matter of general concern, and how it shall be accomplished is a public question. When the Legislature leaves its accomplishment to any degree in the hands of the several municipalities, they act as governmental agencies, and not as business corporations, in the performance of the power placed at their disposal or of the duty thus put on them, whichever it may be."

and held,

" * * * even though a city is required to render a particular service to the public, it will not be liable for injuries inflicted in the performance of that duty if the service was of a governmental character,

2. Louisiana Highway Commission v. Farnsworth, 5 Cir., 74 F.2d 910, certio-

rari denied 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259.

delegated to the city to be performed on behalf of the sovereign state. See Thompson on Negligence, vol. 5, §§ 5833, 5836. Marked exceptions to this rule, such as the highway, public works, and nuisance cases, do not affect the general principle. Haley v. [City of] Boston, 191 Mass. 291, 77 N.E. 888, 5 L.R.A.,N.S., 1005."

Such questions do not involve immunity under the Eleventh Amendment. As the Supreme Court in Hopkins v. Clemson Agricultural College of South Carolina, supra, said, "they involve questions of liability in a suit, rather than immunity from suit."

The Supreme Court of the United States has referred to cities and counties as State instrumentalities for certain purposes (Broughton v. City of Pensacola, 93 U.S. 266, 23 L.Ed. 896; Council Bluffs & St. J. Railroad Co. v. County of Otoe, 16 Wall. 667, 83 U.S. 667, 21 L.Ed. 375) without thereby inferring that they were State instrumentalities entitled to the immunity of the Eleventh Amendment.

 The County Institution Districts were created by the Legislature of Pennsylvania as bodies politic to assume some of the functions formerly performed by the counties. There is nothing in its relationship to the State to remove it from that group of public corporations and political subdivisions which it has been held are not clothed with the immunity from suit which belongs to the State alone.[3]

Even were the decision here otherwise, there would be jurisdiction by reason of waiver of immunity. Where immunity exists, the State Legislature may waive it but any such waiver must be strictly construed.[4] The legislation creating the County Institution Districts is broad and all inclusive. The language of the Act is "which district shall be a body corporate with the capacity to sue and be sued, * * *." This Court, therefore, has jurisdiction.

The undisputed facts in the complaint, supplemented by the undenied affidavits in the motion for summary judgment, show a compliance with the contract, with the architect's certificate issued thereon establishing a balance due plaintiff as of the date of the certificate of $7,840.81. Although not formally raised in the pleadings, it was contended at argument that the certificate should have allowed a credit for labor of the district used by plaintiff in the installation of the merchandise. A stipulation subsequently filed establishes the amount thereof as $161.25 and with no objection to the allowance thereof by plaintiff, the credit should be allowed. On the undisputed facts plaintiff is entitled to judgment in accordance with the foregoing.

Order with proper calculation of interest may be submitted.

---

3. Hopkins v. Clemson Agricultural College of South Carolina, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890.

4. Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389.