**In re George Carl NORRIS, Sr., Individually and t/a Geo. C. Norris & Associates, Norris Realty Company, and as a partner t/a Blue Ribbon Properties, Regency Properties, Southside Properties, Metro Properties, Coastal Properties, and Coachouse Apartments, Debtor.**

**FIRST AND MERCHANTS NATIONAL BANK**

v.

**RICHMOND LUMBER AND BUILDING SUPPLY COMPANY.**

Bankruptcy No. 79–577–N.

Civ. A. No. 80–77–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

March 24, 1980.

David H. Adams, Taylor, Walker & Adams, Norfolk, Va., for plaintiff/appellee.

Ronald M. Plotkin, Richmond, Va., for defendant/appellant.

Jerrold G. Weinberg, Weinberg & Stein, Norfolk, Va., for debtor.

## MEMORANDUM ORDER

CLARKE, District Judge.

This matter is before the Court on appeal of an Order entered on December 3, 1979, by the Bankruptcy Court. Judge Bonney held that the Bankruptcy Court had jurisdiction in a Chapter XII proceeding over property held as tenants by the entirety, even though only one spouse filed the Chapter XII petition. Consequently, a judgment creditor of both spouses could not proceed against such property held in a tenancy by the entirety after the Chapter XII petition was filed, unless the creditor first sought relief from the stay provisions of Bankruptcy Rule 12–43. This Court will briefly review the background facts before addressing the merits of the case.

### I.

On May 14, 1979, Richmond Lumber and Building Supply Company (hereinafter referred to as "Richmond Lumber") obtained

two default judgments against George C. Norris, Sr., and his wife, Dorothy M. Norris. The judgments were rendered by the Circuit Court of the City of Richmond, Virginia, Division II, one in the amount of $14,-651.26, the other in the amount of $1,651.05.

On May 21, 1979, Mr. Norris voluntarily filed a Chapter XII petition in the United States Bankruptcy Court for the Eastern District of Virginia. On June 1, 1979, the Bankruptcy Court issued a notice to all creditors, including Richmond Lumber, of the first meeting of creditors and of the automatic stay of any actions against the debtor pursuant to Bankruptcy Rule 12–43.[1] However, on June 22, 1979, Richmond Lumber docketed the two earlier judgments in the Circuit Court for the City of Chesapeake, Virginia, thereby creating a lien on jointly held real estate by debtor Norris with his wife, Dorothy M. Norris, in the City of Chesapeake.

First & Merchants National Bank, unaware of the docketing by Richmond Lumber, sought judicial authority as noteholder under the first deed of trust, to sell the former residence of the debtor located at 2620 Janson Drive, Chesapeake, Virginia. As a result of the bank's application, the Bankruptcy Court entered an Order on July 6, 1979, authorizing the sale of the Janson Drive property. The bank, upon the discovery of the docketed judgment, sought to have the Bankruptcy Court declare Richmond Lumber's lien null and void because the lien violated the stay provisions of Bankruptcy Rule 12–43. By Order of December 3, 1979, the Bankruptcy Court did so declare:

1. The Rule reads:

(a) Stay of Actions and Lien Enforcement. A petition filed under Rule 12–6 or 12–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

(b) Duration of Stay. Except as it may be deemed annulled under subdivision (c) or may be terminated, annulled, modified, or conditioned by the bankruptcy court under subdivision (d), (e), or (f) of this rule, the stay shall continue until the case is closed, dismissed, or converted to bankruptcy or the property subject to the lien is, with the approval of the court, abandoned or transferred.

(c) Annulment of Stay. At the expiration of 30 days after the first meeting of creditors, a stay provided by this rule other than a stay against lien enforcement shall be deemed annulled as against any creditor whose claim has not been listed in the schedules and who has not filed his claim by that time.

(d) Relief from Stay. On the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

(e) Ex Parte Relief from Stay. On the filing of a complaint seeking relief from a stay against any act or proceeding to enforce a lien or any proceeding commenced for the purpose of rehabilitation of the debtor or the liquidation of his estate, relief may be granted without written or oral notice to the adverse party if (1) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or his attorney can be heard in opposition, and (2) the plaintiff's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required. The party obtaining relief under this subdivision shall give written or oral notice thereof as soon as possible to the trustee, receiver, or debtor in possession and to the debtor and, in any event, shall forthwith mail to such person or persons a copy of the order granting relief. On 2 days' notice to the party who obtained relief from a stay provided by this rule without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its reinstatement, and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

(f) Availability of Other Relief. Nothing in this rule precludes the issuance of, or relief from, any stay, restraining order, or injunction when otherwise authorized.

11 U.S.C. Rules Bank.Proc., Rule 12–43

IT IS ORDERED that the liens obtained by the Richmond Lumber and Building Supply Company against the property as 2620 Janson Drive, in the City of Chesapeake, Virginia be and they hereby are, invalidated and voided and said Richmond Lumber and Building Supply Company shall remove said liens from the record of the Circuit Court of the City of Chesapeake forthwith.

*In re George Carl Norris, Sr.*, Bankruptcy No. 79–577–N, at 4–5 (E.D.Va. Dec. 3, 1979).

Richmond Lumber appeals from this Order of December 3, 1979, contending that the Bankruptcy Court lacked jurisdiction over the Janson Drive property because such property was held by the debtor in a tenancy by the entirety with his wife. Richmond Lumber bases this contention on the definition of property which comes into the bankrupt's estate as set forth in section 70(a) of the Bankruptcy Act. Section 70(a) reads in pertinent part:

All property, wherever located, except insofar as it is property which is held to be exempt, in which the bankrupt has at the date of bankruptcy an estate or interest by the entirety and which within six months after bankruptcy becomes transferable in whole or in part solely by the bankrupt shall, to the extent it becomes so transferable, vest in the trustee and his successor or successors, if any, upon his or their appointment and qualification, as of the date of bankruptcy. . .

11 U.S.C. § 110(a) (currently codified and modified in 11 U.S.C. §§ 522 and 541). The bank, on the other hand, argues that the definition of property contained in section 70(a) does not apply to Chapter XII reorganization proceedings.

**2.** The Stay Order entered June 1, 1979, states as follows:

THE FILING OF THE PETITION BY THE DEBTOR ABOVE NAMED OPERATES AS A STAY OF THE COMMENCEMENT OR THE CONTINUATION OF ANY COURT OR OTHER PROCEEDING AGAINST THE DEBTOR, OR THE ENFORCEMENT OF ANY JUDGMENT AGAINST HIM, OR OF ANY ACT OR

Richmond Lumber, during oral argument before this Court on March 13, 1980, agreed that if the Bankruptcy Court did have jurisdiction in the Chapter XII proceeding over the Janson Drive property, then the docketing of its two judgments was violative of the Rule 12–43 stay.[2] Therefore, the sole issue before this Court on appeal is whether the Bankruptcy Court correctly asserted jurisdiction in a Chapter XII case over property held as tenants by the entirety when only one spouse was before the Bankruptcy Court.

## II.

Section 411 of the Bankruptcy Act reads:

Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located.

11 U.S.C. § 811.

This section, nor any others relating to reorganization proceedings, contains a definition of "property." Rather, section 411 gives the Bankruptcy Court "exclusive jurisdiction of the debtor and his property, wherever located," with no limitation on that property interest expressed in the statute or in the legislative history. This Court agrees with appellee and with Judge Bonney that section 70(a) of the Bankruptcy Act in no way limits the type of real property interest of the debtor subject to reorganization proceedings. That section only *exempts* property held as tenants by the entirety in straight bankruptcy proceedings, as section 70(a) is integrated with those sections of the Bankruptcy Act which define the bankrupt's estate for straight bankruptcy filings.

THE COMMENCEMENT OR CONTINUATION OF ANY COURT PROCEEDING TO ENFORCE ANY LIEN AGAINST HIS PROPERTY, OR OF ANY COURT PROCEEDING FOR THE PURPOSE OF THE REHABILITATION OF THE DEBTOR OR THE LIQUIDATION OF HIS ESTATE, AS PROVIDED BY BANKRUPTCY RULE 11–43 [12–43]. (emphasis as appeared in original order).

Moreover, any argument by Richmond Lumber, either express or implied, that a debtor, for purposes of bankruptcy proceedings, has no interest in property held in a tenancy by the entirety is without merit. The Fourth Circuit Court of Appeals specifically has held that the Bankruptcy Court has jurisdiction over an interest in property of a debtor that is held in a tenancy by the entirety. *Davison v. Virginia National Bank*, 493 F.2d 1220 (4th Cir. 1974); *see generally Thompson v. Magnolia Petroleum Company*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); *In re Naviera Azta, S. A.*, 500 F.2d 390 (5th Cir. 1974); *In re American Southern Publishing Company*, 426 F.2d 160 (5th Cir. 1970); *O'Dell v. United States*, 326 F.2d 451 (10th Cir. 1964); *City of Long Beach v. Metcalf*, 103 F.2d 483 (9th Cir.), cert. denied, 308 U.S. 602, 60 S.Ct. 139, 84 L.Ed. 504 (1939).

Although none of the foregoing cases are directly on point with the case at bar, they do clearly reveal that the federal courts have upheld broad jurisdiction over the debtor and his property in bankruptcy proceedings. Moreover, the language of section 411 of the Bankruptcy Act confers "exclusive jurisdiction of the debtor and his property," without limiting that property interest. The cases cited in the previous paragraph broadly define "property" which is subject to the bankruptcy court's jurisdiction, and, certainly, a debtor has a property interest in a tenancy by the entirety. *See, e. g., Davison v. Virginia National Bank, supra.*

Richmond Lumber cites as authority for its argument that a debtor has no interest in property held as tenants by the entirety the cases of *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963); *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951). In neither case does the Supreme Court of Virginia attempt to state that a co-tenant by the entirety has no interest in the real property in question. Each decision indicates the nature of the property held as tenants by the entirety and the proceeds therefrom upon a sale. Neither *Oliver* nor *Vasilion* can be cited as legal authority for the position that Mr. Norris had no interest in the property he held with his wife as tenants by the entirety.

Under the authority of the cases cited in this Opinion, as well as the language of section 411, this Court holds that the Bankruptcy Court had jurisdiction in the Chapter XII proceeding over the Janson Drive property held by debtor and his wife as tenants by the entirety, thereby subjecting such property to the automatic stay provisions of Bankruptcy Rule 12–43. Under the stay, then, the docketing of the judgments by Richmond Lumber on June 22, 1979, was improper, and the Bankruptcy Court correctly ordered the liens invalidated.[3] The judgment order of the Bankruptcy Court, dated December 3, 1979, is AFFIRMED.

---

**3.** The Court reminds Richmond Lumber that it was not without a remedy for seeking relief from the automatic stay provisions of Bankruptcy Rule 12–43. It could have filed for relief pursuant to 11 U.S.C. Rules Bank.Proc., Rule 12–43(d)–(f). For text of rule 12–43, see note 1 *supra*.