Malcolm **DILLON** et al., Plaintiffs,

v.

Betty **FIORINA**, Defendant.

Civ. No. 9340.

United States District Court,
D. New Mexico.

March 24, 1972.

Keleher & McLeod (Dennis M. Mc-Cary), Albuquerque, N. M., for Malcolm Dillon.

Rodey, Dickason, Sloan, Akin & Robb (William S. Dixon), Albuquerque, N. M., for Clarence Gailard and Howard B. Durham.

David L. Norvell, Atty. Gen., Oliver E. Payne, Deputy Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, N. M., for defendant.

## MEMORANDUM OPINION

Before SETH, Circuit Judge, and MECHEM and BRATTON, District Judges.

PER CURIAM.

The federal constitutionality of certain portions of the New Mexico election code are in issue in this action. Except for plaintiff Durham, a qualified voter desiring to vote for another plaintiff herein, all the plaintiffs are persons interested in filing in the next primary election for the nomination for United States Senator.

Plaintiffs Dillon and Cole challenge the constitutionality of N.M.Stat.Ann. § 3–8–17, subd. B (1953), which prevents any person from becoming a candidate for nomination by a political party unless he has been affiliated with that party for at least one year prior to the filing date for the primary election. All plaintiffs dispute the constitutionality of N.M.Stat.Ann. § 3–8–26, subd. A, which sets the amount of the filing fee to be paid by certain candidates for the primary election.

The parties have agreed that all plaintiff-candidates are otherwise qualified to file for the primary election for the Democratic nomination for U. S. Senator but for their failure to meet the requirements of the challenged statutes. The defendant Secretary of State acknowledges that for such failures the plaintiff-candidates will not be permitted to file. The constitutionality of the applicable statutes is thus squarely presented to the three-judge panel convened under 28 U.S.C. § 2281.

■■ The questioned portion of the filing fee statute reads:

> N.M.S.A. § 3–8–26 (1953 Comp.). *Primary Election Law—Filing Fees.* —The filing fee for each of the following offices is:
>
> A. All officers receiving salary------6% of the first year's salary

As applied to the office of United States Senator, the filing fee is $2,550.00. This requirement prevents persons otherwise qualified but unable to pay such a fee from becoming candidates for that office and denies voters the opportunity to vote for such persons. In practical effect the fee here involved is indistinguishable from the filing fees struck down by the United States Supreme Court in Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972) for violation of the constitutional guarantee of equal protection of the laws. See also Chote v. Brown, U.S.D.C.N.D.Cal., filed March 9, 1972. Because the filing fee attacked here restricts the exercise of the franchise through a classification based on wealth, the state is required by *Bullock* to show that the filing fee is "reasonably necessary to the accomplishment of legitimate state objectives." At the hearing in this cause, the state offered no evidence of any kind, and there is none in the record from which a legitimate state objective can be found. Accordingly, § 3–8–26, subd. A is unconstitutional as it applies to the office of United States Senator. Plaintiffs are entitled to an injunction restraining the enforcement of this provision.

The challenged portion of the party membership statute reads:

> N.M.S.A. § 3–8–17 (1953 Comp.). *Primary Election Law—Who may become candidate.*— * * * *
>
> B. No person shall become a candidate for nomination by a political party unless his record of registration

shows his affiliation with that political party for a period of at least one (1) year next preceding the filing date for the primary election.

Because the statute requires that party affiliation be shown on the record of registration, another statute and a section of the New Mexico Constitution become germane:

N.M.S.A. § 3–4–2 (1953 Comp.). *Qualification for Registration.*—Any person who will be a qualified elector at the date of the next· ensuing election shall be permitted within the provisions of the Election Code to register and become a voter.

Article VII, Section 1 of the New Mexico Constitution provides in part:

Every citizen of the United States, who is over the age of twenty-one years, and has resided in New Mexico twelve months, in the county ninety days, and in the precinct in which he offers to vote thirty days, next preceding the election . . . shall be qualified to vote at all elections for public officers. * * * * * *

Evidence adduced at the hearing in this matter showed that, as applied by New Mexico officials, these two provisions in effect prevent one from registering to vote until he has resided in the state for one year. This combined with the one year party membership requirement of § 3–8–17 results in a requirement of at least two years residency before one can file to become a primary candidate for United States Senator.

■ Where the state has by law made the primary an integral part of the election process, state restrictions imposed on the rights of voters and candidates in primary elections are judged by the same constitutional standards applied to general elections. Bullock v. Carter, supra; Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

Article I, Section 3, Clause 3 of the Constitution of the United States provides:

No person shall be a Senator who shall not have attained to the Age of thirty Years, and been nine Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State for which he shall be chosen.

■ That a state cannot add to or take away from these qualifications is well settled. Stack v. Adams, 315 F. Supp. 1295 (N.D.Fla.1970); Exon v. Tiemann, 279 F.Supp. 609 (D.Neb. 1968); State ex rel. Chavez v. Evans, 79 N.M. 578, 446 P.2d 445 (1968). The New Mexico scheme adds an impermissible requirement of at least two years residency to the qualifications for United States Senator and is therefore void. Accordingly, plaintiffs Dillon and Cole are entitled to an injunction restraining the enforcement of § 3–8–17.

SETH, Circuit Judge, concurs in this opinion and has consented to its filing in his absence.