**Peter GALLAGHER, Plaintiff-Appellant,**

v.

**Ernestine D. EVANS, Secretary of State, Defendant-Appellee.**

**No. 75-1515.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 24, 1976.

Decided June 3, 1976.

Rehearing Denied June 22, 1976.

William S. Dixon, Albuquerque, N.M. (Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N.M., on the brief), for plaintiff-appellant.

Andrea Buzzard, Asst. Atty. Gen., Santa Fe, N.M. (Toney Anaya, Atty. Gen., Santa Fe, N.M., on the brief), for defendant-appellee.

Before BARRETT, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a civil rights suit brought under 42 U.S.C. § 1983 with jurisdiction asserted under 28 U.S.C. § 1343(3). The plaintiffs were candidates for various offices in the June 6, 1972, New Mexico primary election. They paid the filing fees imposed by N.M.Stats. Ann., 1953, § 3–8–26. The fees were paid under protest to the Secretary of State and have been held in a suspense account. No personal relief is sought against the defendant Secretary of State. The district court held for the defendant. We reverse.

The complaint asserts a claim under § 1983 because the plaintiffs allege that under the color of a state statute they have been deprived of rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Supreme Court has held that "a denial by a state court of a recovery of taxes exacted in violation of the laws or Constitution of the United States by compulsion is itself in contravention of the Fourteenth Amendment." *Carpenter v. Shaw*, 280 U.S. 363, 369, 50 S.Ct. 121, 123,

74 L.Ed. 478; see also *Ward v. Love,* 253 U.S. 17, 24, 40 S.Ct. 419, 64 L.Ed. 751. The principle is applicable to fees paid under the compulsion of an unconstitutional state statute.

The claim of the defendant that the action is one against the state and barred by the Eleventh Amendment is unavailing. The filing fees did not go to the state. Section 3-8-28 provides that one-half of the funds go into "a candidates' suspense fund for the purpose of paying refunds." The other half goes to the county treasurer of the appropriate county for placing "in the primary election fund of the county." The state has not received, and will never receive, the money. The fact that the county gets part of the money is immaterial because a county is not within the proscription of the Eleventh Amendment. *Lincoln County v. Luning,* 133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766.

The defense claim that recovery cannot be permitted because of the good faith of the Secretary of State is without merit. There is no assertion that the Secretary of State is liable individually. The amounts paid by the plaintiffs are admittedly held in a suspense account. The instant action seeks to compel restitution.

Section 3-8-26 required candidates for nominations in primary elections to pay filing fees amounting to 6% of the first year's salary for some offices and a stated sum for certain offices. The constitutionality of § 3-8-26 was attacked in *Dillon v. Fiorina,* D.N.Mex., 340 F.Supp. 729, by a candidate for nomination to the office of United States Senator. On March 24, 1972, a three-judge federal district court held that the fee was indistinguishable from the fees struck down in *Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92, and declared that the statute "is unconstitutional as it applies to the office of United States Senator," 340 F.Supp. at 730. Thereafter, candidates for nomination to other offices in the same primary brought an original mandamus proceeding in the New Mexico Supreme Court to require the Secretary of State to certify only the names of persons who paid their statutory fees. On April 18, 1972, the state court held that the New Mexico filing fee statute did not involve the "element of arbitrary or capricious discrimination against or among candidates, as was the case in *Bullock.*" *Norvell v. Apodaca,* 83 N.M. 663, 495 P.2d 1379, 1384. The court also said that the fees are "by no means unreasonable." Ibid. The court said that it was not bound by the decision of the federal district court in *Dillon,* but did not disturb the *Dillon* holding that candidates for the office of United States Senator did not have to pay the filing fee. The *Norvell* case then went to the United States Supreme Court for review.

On April 12, 1972, the plaintiffs as candidates for nominations to offices other than United States Senator brought action in the federal district court. The three-judge panel denied injunctive relief on the ground that it would be disruptive of the state electoral process in the soon to be held primary election.

The Supreme Court vacated the judgment of the New Mexico Supreme Court and remanded the case for further consideration in light of *Lubin v. Panish,* 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702. See *Norvell v. Apodaca,* 416 U.S. 918, 94 S.Ct. 1915, 40 L.Ed.2d 276. On remand the New Mexico Supreme Court noted that the filing fee statute had been repealed, see N.Mex. Laws 1973, ch. 228, § 11, and dismissed the case as moot.

To sustain the statute the defendant asserts that the fees are reasonable and that the plaintiffs are not members of an adversely affected class because they were financially able to pay, and did pay, the statutory fees. She distinguishes *Bullock v. Carter* and *Lubin v. Panish* on the ground that the complainants in those cases were indigent. Reliance is also had on *Cassidy v. Willis,* Del., 323 A.2d 598, affirmed 419 U.S. 1042, 95 S.Ct. 613, 42 L.Ed.2d 636, a case where non-indigent candidates attacked the state imposed filing fees. The facts in *Cassidy* are different from those in the case at bar in that there all the candidates were required to pay the fees and in the instant

case the candidates for the United States Senate were excluded by court order.

■ We have no reason to explore the reasonableness of the New Mexico statute or to decide whether the statute may be attacked by those able to pay the fees. The three-judge federal district court found the statute unconstitutional as applied to candidates for the office of United States Senator and enjoined its enforcement against them. That decision was not appealed and is unaffected by the vacated judgment of the New Mexico Supreme Court in *Norvell v. Apodaca.* The defendant Secretary of State would have us enforce a law as to several classes of persons when that law had been declared unconstitutional as applied to another class of persons. This discriminatory treatment would deny the plaintiffs equal protection of the laws in violation of the Fourteenth Amendment.

■ The construction of a constitutional provision must be uniform. See 1 Cooley on Constitutional Limitations, 1927 ed., 123–124, citing, inter alia, *Scott v. Sandford,* 19 How. 393, 15 L.Ed. 691 and *South Carolina v. United States,* 199 U.S. 437, 26 S.Ct. 110, 50 L.Ed. 261. A valid statute may become invalid by change in conditions to which it is applied. *Nashville, Chattanooga & St. Louis Railways v. Walters,* 294 U.S. 405, 415, 55 S.Ct. 486, 79 L.Ed. 949, and *Abie State Bank v. Bryan,* 282 U.S. 765, 772, 51 S.Ct. 252, 75 L.Ed. 690. Here we have a change in conditions resulting from the federal district court decision that the candidates for the United States Senate do not have to pay the fee.

All the candidates should be treated the same. The plaintiffs are entitled to recover the fees which they paid under protest and which are held in a suspense fund awaiting the outcome of this litigation.

Reversed and remanded for further proceedings in the light of this opinion.

BARRETT, Circuit Judge (concurring in the result):

I concur on the ground persuasively pinpointed by Judge Breitenstein, i. e., that the construction of a constitutional provision must be uniform and that here such cannot be so in light of the "change in conditions" resulting from the three-judge federal district court writ which enjoined the New Mexico Secretary of State from enforcing the payments of filing fees against any and *all* candidates for the United States Senate from the State of New Mexico. No appeal was taken therefrom by the State of New Mexico. The decision rendered in the instant case *followed* the aforesaid three-judge injunction, thus *creating* the lack of uniformity requiring refund of the filing fees paid by the plaintiffs.

The only evidentiary hearing conducted to test the constitutionality of the filing fee statutes was that of the state court in *Norvell v. Apodaca,* 83 N.M. 663, 495 P.2d 1379 (1972). On appeal, the New Mexico Supreme Court held the filing fees constitutional because none of the plaintiffs-appellants in the instant action were indigent and because none of them had been deprived of a position on the ballot because he or she was unable to pay the filing fee. The Federal District Court, in the case at bar, observed—and correctly so in my view—that this case is distinguishable from the *Lubin* and *Bullock* decisions because here (a) there are no indigents challenging the filing fee statutes and (b) none of the plaintiffs were denied a place on the ballot. Furthermore, I am persuaded that the court below properly looked to the *evidence* before the New Mexico Supreme Court in *Norvell v. Apodaca, supra,* in concluding that there was no constitutional unreasonableness (except as against indigents) in the 6% filing fee statutes. The District Court relied upon these findings in *Norvell v. Apodaca, supra* :

New Mexico political history and legislative attempts to regulate elections are fascinating subjects. Three percent filing fees have been tried but found wanting. The modest expenditure was not sufficient to preclude the filing of "stooge" candidates. In New Mexico parlance, a "stooge candidate" is one who is filed by, or whose filing is caused or

procured by a candidate or his adherents with a view to dividing the vote which would presumably be garnered by his opponent. Such efforts often developed along ethnic lines. . . .
495 P.2d at page 1382.

\* \* \* \* \* \*

Wealth is not a prerequisite to a successful seeking of elective office in New Mexico. In fact it might reasonably be said that New Mexico has something of a tradition that candidates of modest means can achieve success. . . .

Mr. Mike Anaya, the State Chairman of the Democratic Party, testified that in his extensive experience at both the county and state levels, no serious candidate has been precluded from seeking office by the filing fee requirement. Mr. Fabian Chavez, who has sought a number of offices, usually successfully at least through the primary stage, testified to like effect. He stated that he had often announced his candidacy and commenced his campaign without funds with which to pay the statutory filing fee, but that raising the fee had never presented a problem. Neither Mr. Anaya nor Mr. Chavez knew of any serious candidate who has ever been precluded from seeking office by lack of funds with which to pay the filing fee.
495 P.2d at 1384.

In view of the unchallenged factual findings of the New Mexico Supreme Court and further because the statutes in the instant case are not challenged by indigents, I agree with the District Court's finding that the appellants failed to establish that the statutes operated in an unconstitutional manner against them via their reliance on *Bullock* and *Lubin*. The facts involving the appellants in this case are indistinguishable from those in *Cassidy v. Willis*, 323 A.2d 598 (Del.1974), aff. 419 U.S. 1042, 95 S.Ct. 613, 42 L.Ed.2d 636.