Patricia S. SMALLWOOD, Plaintiff,

v.

JEFFERSON COUNTY GOVERNMENT, et al., Defendants.

Civ. A. No. C–88–0647–L(M).

United States District Court, W.D. Kentucky, Louisville Division.

Sept. 4, 1990.

Ronald C. Bakus, Louisville, Ky., for plaintiff.

I.G. Spencer, Asst. County Atty., Jefferson County, Louisville, Ky., for defendants.

MEMORANDUM AND ORDER

MEREDITH, District Judge.

This matter is before the Court on several motions. First, the Defendants, pursu-

ant to Rule 56 of the Federal Rules of Civil Procedure, have moved for partial summary judgment for all Defendants on the Title 18, U.S.C., Sections 1961–64 (Civil RICO) claim contained in paragraph 55 of the Plaintiff's original and amended complaints. Second, the Plaintiff has moved for leave of the Court to supplement her response to the Defendants' motion and to file the supplemental response attached to her motion. With regard to the latter motion, the Court grants the motion and accepts the attached supplemental response.

Before turning to the partial summary judgment motion, it is necessary to briefly outline the background of this action. Plaintiff, a former employee of Jefferson County in the Commonwealth of Kentucky, has brought suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive. In her complaint, as amended, the Plaintiff has alleged violations of, among other statutes, Title 42, U.S.C., Section 1983, Title 42, U.S.C., Section 1985, Title 42, U.S.C., Section 2000e et seq. (Title VII), Title 29, U.S.C., Section 206(d) (Equal Pay Act), Title 18, U.S.C., Sections 1961–64 (Civil RICO), and various state laws. Essentially, the Plaintiff alleges that she was wrongfully discharged and discriminated against because of her sex. For present purposes, the Court need only be concerned with the Civil RICO in which the Plaintiff alleges that the Defendants used an enterprise to engage in a pattern of racketeering activity designed to suppress information in furtherance of a scheme to discriminate against plaintiff on the basis of her sex and to deny her rights under the federal Constitution. It should also be observed that the Civil RICO statute subjects the Defendants to treble damages. Title 18, U.S.C., Section 1964(c).

■ As an initial matter, the Court concludes that, given the nature of the named Defendants and the allegation contained in the complaint, there is only one Defendant–Jefferson County. There is no such entity formally styled as the Jefferson County Government. The Jefferson County Fiscal Court functions as the essential governing body of the County and is analogous to a City Council. The Judge Executive is the chief executive officer of the County government and, in this respect, is analogous to the Mayor. Furthermore, both the Fiscal Court and the Judge Executive apparently are being sued in their official capacities and not as individuals. Since a suit against a state official in their official capacity is regarded as a suit against the state, *Will v. Michigan Dept. of State Police,* —— U.S. ——, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989), it seems logical to regard a suit against a County official in their official capacity as a suit against a County.

Having concluded that Jefferson County is the only defendant in this action, the Court now turns to the partial summary judgment motion. The United States Supreme Court, in the landmark 1986 trilogy of *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co., Ltd., et al. v. Zenith Radio Corp., et al,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), clarified the standard upon which a United States District Court must adhere in analyzing a motion for Summary Judgment. The United States Supreme Court stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

■ Applying this standard to the present case, the Court must determine if the Plaintiff has made a showing sufficient to establish each and every element of a

Civil RICO claim. In order to have a valid Civil RICO claim, the Plaintiff must plead "with sufficient specificity so as to place the party being sued on notice of the issues involved in the suit," *Formax, Inc. v. Hostert*, 841 F.2d 388, 390 (Fed.Cir.1988), the following elements: "(1) the existence of an enterprise which affects ... commerce; (2) that the defendant associated with the enterprise; (3) that the defendant participated in the conduct of the enterprise's affairs; and (4) that the participation was through a pattern of racketeering activity." *U.S. v. Phillips*, 664 F.2d 971, 1011 (5th Cir. Unit B December 1981). In addition and most importantly for this case, the defendant in a RICO action must be a "person" as defined in Title 18, U.S.C., Section 1961(3). Consequently, before the Court can determine the sufficiency of the Plaintiff's showing as to the four *Phillips* elements, it first must determine if Jefferson County constitutes a person under Title 18, U.S.C., Section 1961(3).

There is no published authority on the subject of a county or equivalent political subdivision being a "person" under Title 18, U.S.C., Section 1961(3). However, there is authority on the issue of whether a municipal corporation is a person under Title 18, U.S.C., Section 1961(3) and, since every Kentucky county is a "quasi-municipal corporation," *Anderson v. Wayne County*, 310 Ky. 597, 221 S.W.2d 429 (1949); *Howell v. Haney*, 330 S.W.2d 941 (Ky.1960), those decisions are equally applicable here. On at least three separate occasions, United States District Court's in other circuits have held that a municipal corporation cannot be considered a person under 18 U.S.C. Section 1961(3) because a municipal corporation is an artificial person and lacked the capability to form the mens rea requisite to the commission of the predicate acts. See *Albanese v. City Federal Savings & Loan Assoc.*, 710 F.Supp. 563 (D.N.J.1989); *Cullen v. Margiotta*, No. 77–2247 (E.D.N.Y. Aug. 31, 1987); *Massey v. City of Oklahoma City*, 643 F.Supp. 81 (W.D.Okl.1986).

■ The Court finds no reason why it should depart from these decisions from other circuits. Accordingly, the Court

holds that since Jefferson County is the defendant in this action, since Kentucky counties are quasi-municipal corporations, and since municipal corporations are not persons under Title 18, U.S.C., Section 1961(3), Jefferson County is not a person under Title 18, U.S.C., Section 1961(3). As Jefferson County is not a person for RICO purposes, a RICO action cannot be maintained against it. Therefore, the Defendants are entitled to partial summary judgment and the Court need not address the other RICO elements.

To hold otherwise would substantially expand the definition of person under Title 18, U.S.C., Section 1961(3) and would allow numerous other RICO suits in the future. If the scope of RICO is to be expanded, then the Congress, not the federal judiciary, should be the institution to do so.

Furthermore, it is apparent that the civil remedies portions of RICO were enacted to compensate the victims of criminal acts carried out in an organized and systematic manner. Without the RICO statute, these victims would not have an adequate civil remedy. In contrast, the victims of alleged wrongs by municipalities have numerous adequate remedies. See, e.g., Title 42, U.S.C., Section 1983. Being sufficiently advised;

IT IS HEREBY ORDERED that the Plaintiff's motion for leave of Court to supplement her pleadings be and hereby is GRANTED; the Plaintiff's supplementary pleadings attached to her motion will be filed.

IT IS FURTHER ORDERED that the Defendants' motion for partial summary judgment on the Title 18, U.S.C., Section 1964 claim be and hereby is GRANTED.