**Patricia S. SMALLWOOD, Plaintiff,**

v.

**JEFFERSON COUNTY GOVERNMENT, et al., Defendants.**

**Civ. A. No. C–88–0647–L(M).**

United States District Court, W.D. Kentucky, Louisville Division.

Jan. 10, 1991.

Ronald C. Bakus, Louisville, Ky., for plaintiff.

I.G. Spencer, Asst. County Atty., Jefferson County, Louisville, Ky., for defendants.

### MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on the Court's own motion. At this point in the litigation, it is necessary to determine whether Jefferson County, Kentucky,[1] can

---

1. Although the complaint names both the individual members of the Fiscal Court and the County Judge Executive as defendants, it is

clear that these persons are being sued in their official, rather than individual capacities. The mere use of the words "in their individual ca-

be considered a "person" for purposes of 42 U.S.C. Section 1983. Although it is clear that, under the jurisprudence of 42 U.S.C. Section 1983, municipal corporations can be "persons," *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and it is equally clear that a state cannot be a "person," *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989),[2] it is unclear whether a county can be a "person." [3] In its Order, entered December 13, 1990, the Court requested that the parties brief this issue.[4] The parties have now responded and the issue is properly before the Court.

The Court's inquiry must begin with an examination of the legislative history of 42 U.S.C. Section 1983. Unfortunately, the legislative history is less than conclusive on the issue.[5] Indeed, the Supreme Court itself has pursued two distinctly different interpretations of the same legislative history. In *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court, in an opinion by Justice Douglas, concluded that municipal corporations were not intended to be "persons." *Id.* at 187, 81 S.Ct. at 484. Later, in *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court, in an opinion by Justice Brennan, reviewed the exact same legislative history and concluded that municipal corporations could be subjected to liability. *Id.* at 690, 98 S.Ct. at 2035–36. Furthermore, in performing its own review of the legislative history, the Court has found nothing to indicate Congressional intent with regard to counties. Consequently, the Court feels that it is impossible to say

pacity" is not sufficient to make it an individual capacity. Instead, "(t)he capacity in which the individual defendants were in fact acting is what matters, not the capacity in which they were sued." *Rice v. Ohio Dept. of Transport*, 887 F.2d 716, 719 (6th Cir.1989). Furthermore, even if these individuals were being sued in their individual capacities, the Fiscal Court members probably enjoy absolute immunity since the Fiscal Court, like a city council, is a "legislature" and since the members arguably were acting in their legislative capacity when they allegedly denied rights to the Plaintiff.

Since a suit against a state official in their official capacity is regarded as a suit against the state, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989), it seems logical to regard a suit against a County official in their official capacity as a suit against a County. Consequently, the Court has previously determined that Jefferson County, Kentucky is the only defendant in the above styled action. *Smallwood v. Jefferson County Government*, 743 F.Supp. 502, 503 (W.D.Ky. 1990).

2. *Will* finally and explicitly settled the issue of whether the states could be "persons" for 42 U.S.C. Section 1983. Prior to *Will*, claims against the states *in federal court* had been dismissed on Eleventh Amendment grounds. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Yet, there was a large degree of doubt as to whether the states could be sued *in state court*. See *Will*, 109 S.Ct. at 2306 n. 3 (listing numerous federal and state court decisions holding that the states are persons, but also listing a even greater number of state and federal cases reaching the opposite result.)

3. Although the Court is unaware of any published case addressing the issue of whether a county is a "person," two of the leading commentators have observed, "municipal corporations *and other local government units* can be sued under Section 1983." P. Low & J. Jefferies, *Civil Rights Actions: Section 1983 And Related Statutes* 20 (1988) (emphasis added).

4. When the Defendant submitted its brief on the issue on December 21, 1990, it also made a motion for partial summary judgment on all 42 U.S.C. Section 1983 claims. Since the response and reply times have not yet expired, the Court is unable to explicitly rule on the Defendant's motion at this time. Nevertheless, given the nature of the argument in the memorandum, it is apparent that the sole basis for the motion is the Defendant's belief that Kentucky counties are not persons for the purposes of 42 U.S.C. Section 1983 and that a ruling to that effect is necessary for the Defendant to prevail. Given that this memorandum reaches the opposite conclusion, the Defendant may wish to withdraw its motion or submit a new memorandum detailing an alternative basis for summary judgment on the 42 U.S.C. Section 1983 claims.

5. Indeed, it has been observed, "in fact the legislative history reveals no occasion for this kind of focused and collective consideration of the issue ... To treat such evidence as dispositive may be placing more reliance on history than it can fairly bear." P. Low & J. Jefferies, *Civil Rights Actions: Section 1983 And Related Statutes* 80 (1988). See also Matasar, *Personal Immunities Under Section 1983: The Limits Of The Court's Historical Analysis*, 40 Ark.L.Rev. 741 (1987).

what, if anything, the Forty–Second Congress intended with regard to the liability of counties when it enacted the statute that became 42 U.S.C. Section 1983.[6]

Since the legislative history is inconclusive, an alternative method of resolving the issue is to find a way to analogize a county either to the State or to a municipal corporation and then to give counties the same status as the closest analogue. Unfortunately, there is no clear analogue under Kentucky law. On the one hand, Kentucky law states that the counties, unlike municipal corporations, are "an arm of state government" and are "clothed with the same sovereign immunity (as the state)." *Cullinan v. Jefferson County*, 418 S.W.2d 407, 409 (Ky.1968). Since a state is not a "person" and since the counties *are* the state, then logically a county is not a "person." On the other hand, Kentucky Counties are often treated as "quasi-municipal corporations." *Howell v. Haney*, 330 S.W.2d 941 (Ky.1960). Because cities are "persons" and because counties are much like cities, then logically counties are "persons." In addition, if the Court chose either one of these alternatives as the basis for holding that a county was or was not a "person," the Kentucky General Assembly could change the 42 U.S.C. Section 1983 status of either a county or a city by legislation.[7]

Although neither the legislative history of the statute nor an analogy to Kentucky law will yield a conclusive result, it is possible to obtain some guidance on the issue from the Supreme Court's opinions in *Monell* and *Will*. In *Monell*, the Court stated, in a footnote, that "(o)ur holding today (that cities are persons) is, of course, limited to local government units which *are not considered part of the State for Eleventh Amendment purposes.*" 436 U.S. at 690 n. 54, 98 S.Ct. at 2035 n. 54 (emphasis added). Similarly, in *Will*, the Court declared,

it does not follow that if municipalities are persons then so are states. States are protected by the Eleventh Amendment while municipalities are not and we consequently limited our holding in *Monell* "to local government units which *are not considered part of the State for Eleventh Amendment purposes.*" Conversely, our holding here (that States are not persons) does not cast doubt on *Monell* and applies only to States or governmental entities *that are considered "arms of the State" for Eleventh Amendment purposes.*

109 S.Ct. at 2311 (citations omitted) (emphasis added). Thus, based on *Monell* and *Will*, the key inquiry in determining if a county is a person for purposes of 42 U.S.C. Section 1983 is to ask whether Kentucky counties are considered part of the State for Eleventh Amendment purposes.[8]

Although the Defendant makes a well reasoned argument that Kentucky counties are considered part of the state for Eleventh Amendment purposes,[9] it is clear that

---

**6.** The matter is further complicated by the fact that the statute now known as Section 1983 and numerous other statutes were once part of a single statute. Early in the twentieth century, the single statute was divided as part of the renumbering and reorganization of the entire United States Code. Consequently, there is some doubt as to whether certain amendments to the original statute were intended to apply to the portion that became Section 1983.

**7.** For example, if the Court held that counties are not persons because they are an arm of state government, then the legislature could pass a law which made cities an arm of state government and thereby overrule *Monell.* If the Court held that counties are persons because they are quasi-municipal corporations, then the legislature could strip them of this status and thereby cast new doubt on whether counties are per-

sons. The Court does not believe that a state legislature can overrule the United States Supreme Court or change the meaning of a federal statute.

**8.** In addition to being supported by Supreme Court precedent, this standard has the added advantage of being free from manipulation by state legislatures. Whether a governmental entity is covered by the Eleventh Amendment is left largely to the federal courts and, to lesser extent, to Congress. State law plays very little role and then apparently only with regard to the status of agencies.

**9.** The Defendant's argument is based on the fact that, under Kentucky state law, that the counties, unlike municipal corporations, are "an arm of state government" and are "clothed with the *same sovereign immunity* (as the state)." *Culli-*

counties are never considered part of the State. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Lincoln County v. Luning*, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890); *Hall v. Medical College of Ohio at Toledo*, 742 F.2d 299 (6th Cir. 1984); *Lenoir v. Porters Creek Watershed Dist.*, 586 F.2d 1081 (6th Cir.1978).[10] Consequently, under the rule of *Monell* and *Will*, Kentucky counties must be considered persons for purposes of 42 U.S.C. Section 1983. Accordingly, the Plaintiff will be allowed to proceed with her 42 U.S.C. Section 1983 claim against Jefferson County.[11]

*nan v. Jefferson County*, 418 S.W.2d 407, 409 (Ky.1968) (emphasis added). Since the states are granted sovereign immunity in federal court, *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), and since the counties enjoy the same sovereign immunity, then the counties logically are entitled to the Eleventh Amendment's protections.

However, the Defendant's argument blurs the distinction between sovereign immunity in state court and sovereign immunity in the federal court system. In state court, the parameters of sovereign immunity are determined exclusively by state law. Thus, since Jefferson County is entitled to sovereign immunity in state court, the above styled action could not be maintained *in a Kentucky state court.* In contrast, in federal court, the boundaries of sovereign immunity are set by the Eleventh Amendment and, to the extent that it has the power to override the Eleventh Amendment, by Congress. See *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (Congress, in exercise of the power conferred by Section 5 of the Fourteenth Amendment, could override the sovereign immunity of the states established by the Eleventh Amendment); *Pennsylvania v. Union Gas*, 491

U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989) (Congress, in exercise of the power established by the Commerce Clause, could override the sovereign immunity of the states established by the Eleventh Amendment). Consequently, the fact that Kentucky law confers sovereign immunity on the counties is irrelevant. What matters is whether the Eleventh Amendment's grant of sovereign immunity extends to counties.

10. See also, *Fouche v. Jekyll Island State Park Authority*, 713 F.2d 1518 (11th Cir.1983); *Tuveson v. Florida Governor's Council On Indian Affairs, Inc.*, 734 F.2d 730 (11th Cir.1984); *Holley v. Lavine*, 605 F.2d 638 (2d Cir.1979); *Mackey v. Stanton*, 586 F.2d 1126 (7th Cir.1978); *Lytle v. Commissioners of Election of Union County*, 541 F.2d 421 (4th Cir.1976); *Gallagher v. Evans*, 536 F.2d 899 (10th Cir.1976); *Gilliam v. City of Omaha*, 524 F.2d 1013 (8th Cir.1975).

11. Of course, in proving a 42 U.S.C. Section 1983 claim against a county, the Plaintiff must prove the same elements as required in a suit against a municipality. To hold otherwise would be to subject the county to a lower standard of liability than that imposed on the cities.