Ronald C. MANNING, et al., Plaintiffs,

v.

George STIGGER, Jake Wade and Godley, Inc., Defendants.

Civil A. No. 95–37.

United States District Court,
E.D. Kentucky,
Pikeville.

March 12, 1996.

W. Henry Graddy, Reeves & Graddy, Versailles, KY, Charles H. Zimmerman, Jr., Louisville, KY, for Ronald C. Manning, C. David Callaham, Honeagle Industries, Inc., Norwood Homes, Inc.

Kenneth L. Anderson, Christy L. Hendricks, Woodward, Hobson & Fulton, Louisville, KY, for George Stigger.

John H. Burrus, Landrum & Shouse, Lexington, KY, David C. Stratton, Stratton May & Hays, Pikeville, KY, for Jake Wade.

John H. Burrus, Landrum & Shouse, Lexington, KY, for Godley, Inc.

## *MEMORANDUM OPINION AND ORDER*

HOOD, District Judge.

This matter is before the Court upon the renewed motions to dismiss of the defendant George Stigger, and the defendants Jake Wade and Godley, Inc.

### PROCEDURAL HISTORY

Given the somewhat unusual posture, it is worthwhile to briefly review the procedural background of this matter. After the plaintiffs commenced this action by the filing of a complaint on February 15, 1995, the defendants George Stigger (Stigger), Jake Wade (Wade) and Godley, Inc. all filed motions to dismiss. On April 10, 1995, the plaintiffs filed an amended complaint and the Court accordingly denied the motions to dismiss without prejudice to the right to raise those same issues with respect to the amended complaint.

Exercising these rights, the defendants filed motions to dismiss the amended com-

plaint. A response was filed by the plaintiffs to which Stigger filed a reply.

By Memorandum Opinion and Order dated August 22, 1995, the Court granted the motions to dismiss the plaintiffs' amended complaint. A motion to alter, amend or vacate followed. Upon reconsideration, the Court deemed it appropriate to set aside the Memorandum Opinion and Order granting the motion to dismiss and instead to follow a practice common in many federal district courts.

In conformance with this practice, the plaintiffs were directed to comply with a detailed RICO case statement designed not only to organize the plaintiffs' claim but also to aid in the determination of the adequacy of that claim in light of the exigent and detailed requirements of a civil RICO claim. The defendants were directed to renew their motions to dismiss if appropriate in light of the amended complaint and the case statement.

The parties followed this course and thus this matter is again before the Court upon motions to dismiss.

## FACTUAL BACKGROUND

The facts must be construed in accordance with the standard applicable to motions to dismiss. In *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir.1994), the court of appeals held that "[a] district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover. All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." *Id.*

The contact between the plaintiffs and the defendants is paramount to the determination of these motions. Ronald C. Manning, C. David Callaham, Honeagle Industries, Inc., and Norwood Homes, Inc. (collectively referred to as the plaintiffs) had contact with the defendants at various times from 1987 to 1994. The gist of the plaintiffs' claim, however, is founded in a series of conversations during the first four months of 1987.[1]

In January of 1987, Stigger contacted the plaintiff C. David Callaham (Callaham) advising him to invest in certain land titles known commonly as the DeGroot Patents. Stigger told Callaham that these patents were an "excellent deal." It is unclear whether this contact was made in person, by mail or by telephone.

Later that same month on the 27th, Callaham contacted Stigger by way of interstate wire and again Stigger advised Callaham to invest in the DeGroot Patents. The next month, Ronald C. Manning (Manning) and Callaham met with Stigger at the offices of Bear, Stearns & Associates in Los Angeles. Again, Stigger advised investing in the patents describing them as a "slam dunk."

In March or April, Manning and Callaham again met with Stigger this time in Tallahassee, Florida. Two attorneys not parties to this action were present. Apparently, Wade and representatives of Godley, Inc. were also present at this meeting. For the fourth time, Stigger advised Manning and Callaham to invest in the DeGroot Patents.

At all four of these meetings, the plaintiffs claim in a general fashion that the defendants represented that they had researched the DeGroot Patents and found them to be valuable investments. Further, the plaintiffs claim that the defendants held themselves out as experts. Oddly enough, however, not all of the defendants were present or involved in each of the meetings. How Godley, Inc. and Wade could have made these statements at the meeting in Los Angeles is, therefore, uncertain.

Despite these representations counseling the plaintiffs to buy, the patents were worthless as would have been disclosed by competent research and as ultimately borne out by related legal proceedings before the United States District Court for the Eastern District of Kentucky and the United States Court of Appeals for the Sixth Circuit. More specifically, Judge Henry R. Wilhoit, Jr., held that as a matter of law the Degroot Patents were null and void due to the fact that the patents

---

**1.** The plaintiffs do allege that contact with the defendants continued on unspecified occasions between 1987 and 1994 yet the substance of those contacts is not specified and they are therefore inadequate for the purpose of supporting the plaintiffs' claims.

were inherently vague and uncertain such that the precise boundaries of the holdings could not be located without making arbitrary estimates. *Bessie Berry v. Cyprus Coal Company*, No. 84–53 (E.D.Ky. March 20, 1992). That opinion was affirmed on appeal and the time for pursuing further appeal expired. *Bessie Berry v. Cyprus Coal Company*, No. 92–5543, 989 F.2d 498 (6th Cir. April 12, 1993).

Following this holding, Stigger neglected to inform the plaintiffs that the patents were worthless. As a result, the plaintiffs claim that Stigger is liable on the basis of "fiduciary duty, constructive fraud, and active misrepresentation."

## DISCUSSION

The defendants advance several arguments in support of their motions to dismiss. First, they maintain that the applicable statutes of limitation have run. Second, they claim that with respect to the civil RICO claim pursuant to 18 U.S.C. § 1964(c) and § 1962(c), the case statement and the amended complaint taken together fail to state a claim and fail to plead with sufficient specificity. Fed. R.Civ.P. 12(b)(6), 9(b). Third, they argue that the RICO conspiracy claim brought pursuant to 18 U.S.C. § 1964(c) and § 1962(d) is nothing more than a conclusory and bare allegation. Finally, the defendants claim that the state law claims of fraud and legal malpractice should be dismissed upon dismissal of the federal RICO claims.

### A. Statutes of Limitations

■ Although the representations of which the plaintiffs complain in the amended complaint and case statement occurred primarily during the first four months of 1987, this action was not commenced until approximately eight years later. It is well settled law that the statute of limitation for a civil RICO claim is four years. *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). In certain circumstances, the four year period will be tolled due to the contumacious conduct of a defendant or the fact that the fraud went undetected with good reason. Thus during a period of time when discovery of fraud could not be had by the exercise of ordinary diligence, the statutory period is tolled.

■ The plaintiffs maintain they "first discovered that the DeGroot Patents were worthless on February 15, 1994." No further explanation is given as to what prompted such discovery. Given that the DeGroot Patents were not finally declared invalid until after the time for appeal had run sometime in March of 1993, it does not appear that the plaintiffs could have discovered the fraud before that time. Using this March 1993 date, it appears that the commencement of this action was well within the four year period. By similar reasoning, the state law claim of fraud appears to have been brought within the five year statutory period prescribed by KRS 413.120.

A one year statute of limitation applies to an action for legal malpractice. KRS 413.245. The legal malpractice alleged by the plaintiffs consists of the failure of Stigger to advise them of the Sixth Circuit opinion holding the patents to be worthless. Although this opinion became final sometime in March of 1993, for reasons not set forth by the plaintiffs they did not discover that the patents were worthless until February 15, 1994. This action was commenced exactly one year later.

Although serious questions exist as to whether certain claims are barred by the applicable statutes of limitation, based on the present state of the record it is difficult to discern when in fact the plaintiffs discovered their claims or when they should have discovered their claims and, therefore, when the applicable statutory periods began to run. Given the resolution of the other arguments presented by the defendants, it is unnecessary to resolve such questions at this time.

### B. Failure to State a Claim under 18 U.S.C. § 1962(c)

■ It is clear that the plaintiffs must plead with sufficient particularity each element of a claim brought pursuant to 18 U.S.C. § 1964(c). As set out in the case statement, the substantive violation alleged is 18 U.S.C. § 1962(c). This section, which fo-

cuses on the conduct of an enterprise, provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). As the plaintiffs are not proceeding on collection of an unlawful debt, they must sufficiently allege the following:

> (1) the existence of an enterprise which affects ... commerce; (2) that the defendant associated with the enterprise; (3) that the defendant participated in the conduct of the enterprise's affairs; and (4) that the participation was through a pattern of racketeering activity.

*Smallwood v. Jefferson County Government,* 743 F.Supp. 502, 504 (W.D.Ky.1990) (citation omitted).

Because the pattern of racketeering activity is perhaps the least controversial of these elements, the Court will first examine the allegations related thereto.

**Pattern of Racketeering**

In *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), the Supreme Court made its most recent attempt to define the "pattern" requirement. Proving a pattern requires showing that the racketeering acts "are related" and "amount to or pose the threat of continued criminal activity." *Id.* at 239, 109 S.Ct. at 2900. There must be both relatedness and continuity of criminal activity. In order to be related, the acts must somehow show themselves to not be isolated events. In order to be continuous, the acts must extend over a substantial period of time.

Although the allegations of fraud and negligence seem to be contradictory,[2] the plaintiffs have sufficiently alleged that the acts were related. The alleged acts of mail and wire fraud were all for the same or similar purpose of defrauding them. The participants were essentially the same group of persons and the method of commission was by false statements. Thus each of the alleged misrepresentations fits within a scheme to market patents which the defendants allegedly knew were worthless.

In addition to being related, there must also be "continuity" among the predicate acts. Continuity may be either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241, 109 S.Ct. at 2902. In this instance, the conduct complained of occurred over a closed end period of four months in early 1987. It was during this period that the plaintiffs allege as the predicate acts a series of occurrences which they claim constitute mail and wire fraud. Although the plaintiffs do allege that contact continued at "various times, the exact dates of which are unknown ... from 1987 to 1994," no further information on these contacts is given nor is it even alleged such contacts constituted mail or wire fraud.[3] Based on the present allegations, continuity exists, if at all, in the four month period.

The problem here is that continuity requires a series of predicates extending over a substantial period of time. No decisions have found a pattern in cases in which the predicate acts extended less than one year in a closed end scheme. *Johnston v. Wilbourn,* 760 F.Supp. 578, 588–89 n. 16 (S.D.Miss.1991) (surveying a host of cases decided after *H.J.*). Where the predicate acts extend only a few weeks or a few months and threaten no future criminal conduct, the continuity aspect of the pattern requirement is not met. Quite

---

**2.** As the defendants point out, at one point the plaintiffs allege that the defendants should have discovered that the patents were worthless had they done the proper research. This seems to go to a claim of legal malpractice or negligence. At the same time, however, the plaintiffs allege the defendants made intentional misrepresentations with respect to the patents implicating the mail and wire fraud statutes. Nevertheless, pleading in the alternative is, of course, entirely permissible. Fed.R.Civ.P. 8(e)(2).

**3.** An innocent mailing would not be an appropriate consideration in gauging the duration of a mail or wire fraud RICO scheme. *Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 46 (1st Cir. 1991).

simply, Congress was concerned with long term conduct, not the sort of short term conduct alleged here. *American Eagle Credit Corp. v. Gaskins,* 920 F.2d 352, 354 (6th Cir.1990).

Accordingly, even taking the allegations of the plaintiffs as true, this case presents the very short period of conduct insufficient to state a pattern as explicated by the Supreme Court in *H.J.* The plaintiffs have, therefore, failed to state a viable claim pursuant to 18 U.S.C. § 1964(c) and 18 U.S.C. § 1962(c) and such claim must be dismissed. Fed.R.Civ.P. 12(b)(6).

### C. Failure to State a Claim under 18 U.S.C. § 1962(d)

 The plaintiffs allege that the defendants conspired to violate 18 U.S.C. § 1962(c) and § 1962(a) in violation of 18 U.S.C. § 1962(d). To state a claim under § 1962(d), a plaintiff must plead that the defendant agreed to join the conspiracy, agreed to commit predicate acts, and knew that those acts were part of a pattern of racketeering activity. See, e.g., *Glessner v. Kenny,* 952 F.2d 702, 714 (3rd Cir.1991).

In their amended complaint, the plaintiffs allege a RICO conspiracy. Without any explanation, however, the plaintiffs failed to treat this claim as a separate RICO claim as required by the Order directing the plaintiffs to file a case statement. Despite the fact that the plaintiffs' conduct suggests abandonment of the conspiracy claim, the Court will nevertheless look to the allegations as set forth in the amended complaint.

 The plaintiffs do nothing more than make a bare allegation of a conspiracy claiming that the individual defendants in concert with the corporate defendant conspired to violate § 1962(a) and § 1962(c). Nowhere do the plaintiffs even allege the essential elements outlined above let alone make factual assertions from which one could infer the existence of those elements. A bald assertion of criminal activity such as that alleged here will not suffice. *Craighead v. E.F. Hutton & Co., Inc.,* 899 F.2d 485, 495 (6th Cir. 1985) (holding "while the plaintiffs have pleaded the conclusory allegation that the defendants 'conspired,' they have failed to plead the elements of conspiracy."). Therefore, the civil RICO conspiracy claim of the plaintiffs must be dismissed for failure to state a claim. Fed.R.Civ.P. 12(b)(6).

### D. State Claims

 Where a district court dismisses all federal claims prior to trial, in its discretion it may decline to exercise pendent jurisdiction over the remaining state law claims. *Lee v. Western Reserve Psychiatric Habilitation Center,* 747 F.2d 1062, 1069 (6th Cir. 1984). Having determined that the claims under RICO must be dismissed, the Court deems it inappropriate to exercise pendent jurisdiction over the state law claims of fraud and legal malpractice. Indeed dismissal of state claims in circumstances such as these is customary. *Flowers v. Continental Grain Co.,* 775 F.2d 1051, 1054 (8th Cir.1985).

### CONCLUSION

Despite having been afforded the opportunity to correct deficiencies in the amended complaint by way of a detailed RICO case statement, the failings of the plaintiffs' RICO claims persist. Most fundamentally (and without expressing any opinion on the other three elements), the plaintiffs fail to establish the pattern element. While it appears that the acts complained of are related, no set of facts alleged by the plaintiffs would support a finding of continuity of criminal activity.

With respect to the RICO conspiracy claim, the plaintiffs decline to add anything further to their bare allegation set out in the amended complaint. The plaintiffs fail to even allege the three essential elements let alone plead some facts to support these elements. Having determined that the federal RICO claims must be dismissed, it is appropriate to dismiss the pendent state law claims as well.

Accordingly,

IT IS ORDERED that the renewed motions of the defendants to dismiss be, and the same hereby are, GRANTED.